# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

KYAUNDRIA GREEN

VERSUS

EAST BATON ROUGE PARISH
SCHOOL SYSTEM, ET AL.

CIVIL ACTION

NO. 13-166-SDD-RLB

## RULING ON MOTION TO DISMISS

This matter is before the Court on the *Motion to Dismiss* by the Defendants, East Baton Rouge Parish School Board, Carlos Sam, Barbara Freiberg, and Bernard Taylor ("School Board").[1] Plaintiff, Kyaundria Green has filed an *Opposition* to the motion.[2] The School Board moves to dismiss under Rule 4(m) of the Federal Rules of Civil Procedure because it contends proper service has not been made upon the School Board or the individual Defendants within 120 days of the filing of the *Complaint*. The School Board also contends the individual Defendants should be dismissed under Rule 12(b)(6) for failure to state a claim against them in their individual capacities. For the reasons which follow, the *Motion to Dismiss* is GRANTED in part and DENIED in part.

## I. Factual Background

On April 12, 2012, Plaintiff filed a similar action against the School Board in Louisiana state district court. Service of the complaint on the School Board was requested via its agent, School Board President Barbara Freiberg. Having been properly served

---

[1] Rec. Doc. No. 23.

[2] Rec. Doc. No. 25.

1

through its president, the School Board promptly answered the petition.

On March 14, 2013, Plaintiff filed this lawsuit with this Court. Plaintiff's counsel requested waiver of service from the School Board through its counsel on March 27, 2013. After receiving no response to the request for waivers, Plaintiff's counsel served the complaint on the School Board via a process server on June 5, 2013. Unlike the state court case, however, the School Board was served this time through its superintendent Bernard Taylor. Proof of service was subsequently filed into the record on June 7, 2013, indicating the summons was received on June 6, 2013.

At some point prior to July 11, 2013, the deadline for the parties to file their status report, Plaintiff's counsel contacted opposing counsel to request inserts for the report. The School Board's counsel emailed Plaintiff's counsel and advised that the School Board had not been properly served, but remained silent as to any particular defect. Plaintiff's counsel contends he called opposing counsel on the afternoon of July 11, 2013, but received no response.

On July 12, 2013, the 120-day deadline for service, Plaintiff filed a *Motion for Entry of Default* against the School Board, attesting that the *Complaint* had been served on all Defendants and no answer had been filed.[3] The Clerk of Court entered an *Order of Default* against the Defendants on July 15, 2013.[4] Plaintiff's *Amended Motion for Entry of Default* was likewise granted by the Clerk of Court on July 16, 2013.[5] Immediately

---

[3] Rec. Doc. No. 8.

[4] Rec. Doc. No. 10.

[5] Rec. Doc. No. 11.

2

thereafter, Plaintiff's counsel sent a letter along with the *Order of Default* to the School Board's counsel informing him of what had transpired.[6]

On July 24, 2013, the School Board filed a *Motion to Set Aside Default*.[7] The School Board contended that, contrary to the assertions of Plaintiff's counsel, proper service of process under Rule 4(j)(2) had not been made upon either the School Board or the individual Defendants in their official capacities. The School Board argued that under state law, in any suit against a school board, La. R.S. 17:51 requires that service be made upon the board's president or vice-present.[8] Apparently, intending only to use default as a means of discovering the service defect, Plaintiff's counsel did not oppose the motion, which was subsequently granted on August 27, 2013.[9] While the motion was pending, Plaintiff belatedly effected proper service pursuant to La. R.S. 17:51 on August 6, 2013, twenty-five days after the Rule 4(m) 120-day deadline had expired. On August 27, 2013, after the default was set aside, the School Board filed the instant motion.

## II. Law and Analysis

### A. Service of Process under Rule 4(m)

Rule 4(m) of the Federal Rules of Civil Procedure provides:

> If a defendant is not served within 120 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made

---

[6] Rec. Doc. No. 16-2.

[7] Rec. Doc. No. 16.

[8] La. R.S. 17:51 states: "In suits against school boards citation shall be served on the president of the board and in his absence on the vice-president.").

[9] Rec. Doc. No. 22.

3

within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. This subdivision (m) does not apply to service in a foreign country under Rule 4(f) or 4(j)(1).

Clearly, Rule 4(m) permits a district court to dismiss a case without prejudice if the Plaintiff fails to serve the Defendant within 120 days of filing the complaint.[10] However, if Plaintiff "can establish good cause for failing to serve the Defendant, the court must extend the time for service. Even if the Plaintiff lacks good cause, the court has the discretionary power to extend the time for service."[11] Additionally, "[a] discretionary extension may be warranted, 'for example, if the applicable statute of limitations would bar the refiled action, or if the defendant is evading service or conceals a defect in attempted service.'"[12]

"Good cause" has been defined as "'at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice, and some showing of good faith on the party seeking an enlargement and some reasonable basis for non-compliance within the time specified is normally required.'"[13] A plaintiff shows good cause for delay "'when a good faith attempt is made to effectuate service, but the service nonetheless fails to satisfy all the requirements set forth in Rule 4.'"[14] Furthermore, "'each case should be taken on its own

---

[10] *Millan v. USAA General Indemnity Company*, 546 F.3d 321, 325 (5th Cir. 2008), citing *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996).

[11] *Id.*, citing *Thompson*, 91 F.3d at 21.

[12] *Id.*, quoting FED.R.CIV.P. 4(m) advisory committee's note (1993).

[13] *Tuggle v. MMR-AEI Constructors, Inc.*, No. 08-62, 2008 WL 3983847, at * 1(M.D. La. Aug. 27, 2008), quoting *Winters v. Teledyne Movible Offshore, Inc.*, 776 F.2d 1304, 1306 (5th Cir. 1985).

[14] *Id.*, quoting *Murungi v. Simmons*, No. 01-2435, 2001 WL 1414963 at *1 (E.D. La. Nov. 9, 2001)(citing *Chilean Nitrate Corp. v. M/V Hans Leonhardt*, 810 F.Supp. 732, 735 (E.D. La. 1992)).

4

particular facts to determine whether a good faith effort to effectuate service has been made.'"[15]

Defendants have moved to dismiss this action with prejudice. The Court notes that "[a] district court's 'dismissal with prejudice is warranted only where "a clear record of delay or contumacious conduct by the plaintiff" exists and a "lesser sanction would not better serve the interests of justice."'"[16] The Fifth Circuit has held that, in cases where it has affirmed dismissals with prejudice, "it has generally found at least one of three aggravating factors: '(1) delay caused by [the] plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct.'"[17]

### B.  Dismissal of the School Board is not Warranted

While the Court does not excuse the failure of Plaintiff's counsel to properly and timely serve the Defendants in this matter, the Court finds that dismissal of the School Board is not warranted under the facts of this case. The record reflects that Plaintiff's counsel did make good faith efforts to serve the Defendants, and the delay was not the result of intentional or "contumacious" conduct. Further, it is clear from the record that the School Board has had notice of this suit from its inception and has not suffered any prejudice from Plaintiff's failure to timely serve it. Also clear is that the delay was not caused by the Plaintiff herself but rather by her attorney. No factors are present in this

---

[15] *Id.*, quoting *Chilean Nitrate*, 810 F.Supp. at 735 (quoting *Brown v. Bellaplast Maschinenbau*, 1986 WL 6145 at *3 (E.D. Pa. May 27, 1986)).

[16] *Millan*, 546 F.3d at 326, quoting *Gray v. Fid. Acceptance Corp.*, 634F.2d 226, 227 (5th Cir. 1981)(quoting *Durham v. Fla. East Coast Railway Co.*, 385 F.2d 366, 368 (5th Cir. 1967), and *Brown v. Thompson*, 430 F.2d 1214 at 1216 (5th Cir. 1970)).

[17] *Id.*, quoting *Price v. McGlathery*, 792 F.2d 472, 474 (5th Cir. 1986).

Case 3:13-cv-00166-SDD-RLB   Document 28   10/09/13   Page 5 of 6

case which would warrant dismissal of the School Board with prejudice.

### C. Dismissal of Individual Defendants is Granted

The Defendants have moved to dismiss the individual Defendants under Rule 12(b)(6). In her *Opposition*, Plaintiff states that she "voluntarily dismisses Carlos Sam, Barbara Freiberg, and Bernard Taylor from this litigation."[18] Accordingly, Defendants Carlos Sam, Barbara Freiberg, and Bernard Taylor are dismissed with prejudice from this action.

## III. Conclusion

For the reasons set forth above, the Defendants' *Motion to Dismiss*[19] is GRANTED as to the individual Defendants, Carlos Sam, Barbara Freiberg, and Bernard Taylor, and they are dismissed with prejudice. The *Motion to Dismiss* by the School Board is DENIED.

IT IS SO ORDERED.

Baton Rouge, Louisiana, this 9 day of October, 2013.

*Shelly Dick*
SHELLY D. DICK, DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA

---

[18] Rec. Doc. No. 25-1, p. 11.

[19] Rec. Doc. No. 23.